| | |
|---|---|
| WILLIE LOUIS HAMILTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DENNIS DANIELS, DR. ROBERT )<br>OWENS, MARVIN CASINO, and )<br>NURSE JACKSON, )<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on the respective unopposed motions to dismiss[1] (DE 29, 34) filed by defendants Robert Owens ("Owens") as well as defendants Dennis Daniels ("Daniels"), Marvin Casino ("Casino"), and Nurse Jackson ("Jackson"). Also before the court are plaintiff's motion for a temporary restraining order (DE 8), proposed ex parte sealed motions (DE 26, 28), and motion to amend (DE 32). Defendants responded to plaintiff's motion for a temporary restraining order, but did not respond to plaintiff's remaining motions. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants plaintiff's motion to amend and motion to submit filings prepared by another inmate, denies plaintiff's motions to seal, denies as moot plaintiff's ex parte motions, dismisses plaintiff's action without prejudice for failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a), denies as moot

---

[1] Because the parties attached filings that are outside of the pleadings, the court construes defendants' respective motions to dismiss as motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.

plaintiff's motions for injunctive relief, and declines to exercise supplemental jurisdiction over plaintiff's state law claims.

## STATEMENT OF THE CASE

On March 1, 2013, plaintiff filed this action pursuant to 42 U.S.C. § 1983. Plaintiff has epilepsy and alleges that defendants delayed providing him with a safety helmet to protect him from injuries when he has seizures. As relief, plaintiff requests an injunction in the form of a court order directing defendants to provide him with a safety helmet. Compl. ¶ V; Mem. in Supp. p. 9. The court notes that by plaintiff's own account, prison officials now have provided him with the requested helmet and wheelchair. See (DE 32, p. 2). On April 30, 2013, the court conducted a frivolity review of plaintiff's action, and allowed him to proceed with his claim.

On May 17, 2013, plaintiff filed a motion for a temporary restraining order, or for a preliminary injunction, requesting that the court order defendants to provide him with a medical safety helmet, a wheelchair, and an assigned inmate orderly to prevent future injuries from his chronic epilepsy. The court directed defendants to respond to plaintiff's motion. Owens and the remaining defendants filed two separate responses in which they raise the affirmative defense that plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to filing this action. Plaintiff then filed two proposed sealed ex parte motions, as well as a motion for extension of time, in which plaintiff appears to request permission to amend his complaint and to submit pleadings prepared by another inmate.[2]

---

[2] Although the court has not ruled upon plaintiff's request for an extension of time contained in this motion, the court subsequently allowed plaintiff until October 28, 2013, to respond to the pending motions to dismiss.

Defendants subsequently filed motions to dismiss, each arguing, *inter alia*, that plaintiff failed to exhaust his administrative remedies prior to filing this action. Plaintiff timely moved for an extension of time to respond to defendants' motions. The court granted plaintiff's motions, and allowed him until October 28, 2013, to respond. Plaintiff, however, did not file a response.

**DISCUSSION**

A.  Preparation of Filings

Plaintiff indicates in his motion that his filings have been prepared by another inmate. To the extent plaintiff requests permission from the court to accept his filings, such filings are ALLOWED. See Johnson v. Avery, 393 U.S. 483, 490 (1969) ("But unless and until the State provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation such as that here in issue, barring inmates from furnishing assistance to other prisoners.").

B.  Ex Parte Sealed Motions

The court first addresses plaintiff's motions for *ex parte* review and to seal. Plaintiff seeks to seal his "*ex parte* motions" because they contain the signatures of several individuals who witnessed plaintiff's alleged falls. Plaintiff's motions to seal fail to comply with Section T of this district's CM/ECF Policy Manual, which requires that the party seeking sealing must explain "how such request to seal overcomes the common law or the First Amendment presumption to access; ... the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; ... the reasons why alternatives to sealing are inadequate; and ... whether there is consent to the motion." CM/ECF Policy Manual, Section T (E.D.N.C. Jan. 25, 2010). Based upon the foregoing, the court DENIES plaintiff's motions to seal. Additionally,

because plaintiff's motion to seal was denied and because the court dismisses this action for failure to exhaust administrative remedies, as explained *infra*, plaintiff's sealed motions are DENIED as moot. See Local Civil Rule E.D.N.C. 79.2(b)(3).

C.    Motion for Summary Judgment

    1.    Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

    2.    Analysis

Defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies before filing this action. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory.

4

Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

In the case at hand, the record reflects that plaintiff filed several grievances complaining that he had not seen a neurologist in several months (grievance number 4875-B-MD-12-0047), that he had passed out repeatedly and not seen a doctor to determine why he passed out (grievance number 4875-B-MD-12-0437), and that he had not been to the doctor to have his "V.N.S." in his chest checked (grievance number 4875-B-MD-12-0863). (See Compl. Attach.). Plaintiff, however, did not raise his alleged need for safety equipment to protect him from fall-related injuries in these grievances. Although plaintiff's grievances relate to his medical condition, they do not contain language sufficient to put defendants on notice that plaintiff required a safety helmet, wheelchair, or assistance from an inmate orderly. See Jones, 549 U.S. at 219 (stating that one of the main purposes of a prison grievance system is to allow administrators fair opportunity to address the problem that will later form the basis of a suit); Moore v. Bennette, 517 F.3d 717, 729 (4th Cir. 2008) (holding that grievances concerning inmate's medical care for pancreatic illness and Hepatitis C did not exhaust claim of inadequate medical care for gout); Holley v. Shirley, No. 1:11cv508 GBL/JFA, 2012 WL 9702529, at *3 (E.D. Va. Nov. 19, 2012), aff'd, 521 F. App'x 176 (4th Cir. May 16, 2013); McGee v. Fed. Bureau of Prisons, 118 F. App'x 471, 476 (10th Cir. 2004) (stating that proper exhaustion requires grievances to contain sufficient detail as to alert prison officials of

5

constitutional claims now alleged as a basis for relief). Based upon the foregoing, the court finds that the above-stated grievances are not sufficient to satisfy § 1997e(a)'s exhaustion requirement.

In addition to the above-referenced grievances, the record reflects that plaintiff filed a grievance, on April 29, 2013, complaining about his alleged lack of safety equipment. See (DE 8, Ex. 1.) This grievance was filed in response to several falls that plaintiff purportedly experienced after filing this action.[3] See (DE 26, p. 3 ¶ 6.) This April 29, 2013, grievance was filed subsequent to the date plaintiff filed this action on March 1, 2013. Filing suit before exhausting administrative remedies dooms the action. See, e.g., 42 U.S.C. § 1997e(a); Hayes v. Stanley, 204 F. App'x. 304, 304 n. 1 (4th Cir.2006) (per curiam) (holding that failure to exhaust administrative remedies may not be cured by amendment of the complaint); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir.2004) ("To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until [administrative procedures] have run their course."); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir.2003). Thus, this grievance does not satisfy § 1997e(a)'s exhaustion requirement. Based upon the foregoing, the court finds that plaintiff failed to exhaust his administrative remedies prior to filing this action, and his action is DISMISSED

---

[3] The record also reflects that plaintiff raised the issue of a safety helmet on December 31, 2012, by submitting an inmate request form. Compl. Ex. E-1. The North Carolina Department of Public Safety administrative remedy grievance review procedure requires that an "aggrieved inmate may submit a written grievance On Form DC-410[,]" to comply with the administrate remedy procedure. See State of North Carolina Department of Correction Division of Prisons Policy and Procedures, Chapt. G § .0310(a). Because plaintiff's filing of the inmate request form was not in compliance with the administrative remedy procedure, it does not constitute "proper exhaustion" for the purposes of the PLRA. Woodford, 548 U.S. at 84 (stating that the PLRA requires proper exhaustion which "demands compliance with an agency's deadlines and other critical procedural rules . . . ." Id. at 90.)

6

without prejudice. Plaintiff may re-file this action after completing the administrative remedy process for his claims.

D. Motion to Amend and Supplemental Jurisdiction

Plaintiff seeks leave to amend his complaint to include a claim of negligence. The court GRANTS plaintiff's motion to amend. See Fed.R. Civ. P. 15(a).

The court now determines whether it will exercise supplemental jurisdiction over plaintiff's state law claims. A district court may decline to exercise supplemental jurisdiction over a claim if the district court dismisses all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); see Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). The court has dismissed plaintiff's § 1983 claims, which were the sole claims over which it had original jurisdiction. The sole remaining claims are plaintiff's negligence-related state law claims, including those allegations set forth in his amended complaint.[4] In the interest of judicial economy, fairness, and comity, the court will not exercise supplemental jurisdiction over plaintiff's state law negligence claims. Thus, plaintiff's state law negligence claims are dismissed without prejudice.[5]

---

[4] To the extent plaintiff's amended pleading could be construed to allege constitutional claims within the purview of § 1983 arising out of the alleged failure to provide safety equipment, such claims are dismissed as unexhausted as set forth above.

[5] Pursuant to 28 U.S.C. § 1367(d), the state statute of limitations period shall be tolled for a period of at least thirty (30) days after dismissal. Estate of Manook v. Research Triangle Institute, Intern, No. 5:10-CV-72-D, 5:10-CV-73-D, 2010 WL 3199874, at *5 (E.D.N.C. Aug. 12, 2010); Coleman v. Smith, No. 3:08-3675-JFA, 2010 WL 569662 at *4 n.3 (D.S.C. Feb. 11, 2010); but see, Katema v. Midwest Stamping Co., 180 Fed. Appx. 427, 428 (4th Cir. 2006) (finding that the district court abused its discretion in declining to exercise its supplemental jurisdiction under § 1367 because plaintiff's state law claims would be time-barred in state court and because the court had diversity jurisdiction over plaintiff's claim.)

7

## CONCLUSION

For the foregoing reasons, plaintiff's motions to seal (DE 26, 28) are DENIED, but his motion to amend and his motion to submit filings prepared by another inmate (DE 32) are GRANTED. Defendants' respective motions for summary judgment (DE 29, 34) are GRANTED, and the action is DISMISSED without prejudice to allow plaintiff the opportunity to exhaust his administrative remedies. Plaintiff's motion for a temporary restraining order or for a preliminary injunction (DE 8) and for ex parte relief (DE 26, 28) are DENIED as moot. Plaintiff's state law negligence claims are DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 20th day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge